IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CEDRIC C. STEWART**                                                                     **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:19-CV-00120-GHD-JMV**

**OFFICER JEREMY MATHEWS, ET AL.**                                    **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff's *ex parte* motion [8] for leave to conduct discovery. Specifically, Plaintiff seeks leave to serve subpoenas on defendants' former employer, the Grenada Police Department and/or the City of Grenada, pursuant to *Federal Rule of Civil Procedure* 45 in order to obtain the identity of one of the named defendants, the first name of another, and date of birth and last known address information of all defendants—in order to ascertain defendants' current addresses "by skip tracing."

Plaintiff filed the Complaint [1] in this action against "Jeremy Mathews, (Unknown) Hollis, and John Doe" in their individual capacities on August 19, 2019. Neither the Grenada Police Department nor the City of Grenada is named as a defendant in this action. In support of the motion, Plaintiff points out that pursuant to FED.R.CIV.P. 4(m), the summonses issued for defendants will expire after 90 days on November 17, 2019, and avers that he can "easily learn the identities and last known addresses of the Defendants by simply serving a Rule 45 subpoena."

First, the Court should point out that Plaintiff acknowledges that "FED.R.CIV.P. 26 does not allow such subpoenas at this stage" and has failed to provide any legal authority in support of his request. Second, the affidavits attached in support of the motion indicate that service of process on "Jeremy Mathews" and "Hollis Myrick" has only been attempted once—for the first time in October. Plaintiff gives no account of any further attempts at service of process or any attempts to obtain the information he seeks by other means, e.g., retaining the services of a private investigator, general internet search, etc. Indeed, it appears Plaintiff obtained Officer Hollis' (Myrick) last name during the one attempt at service.

Accordingly, Plaintiff has failed to convince the Court that he does not already have sufficient information with which to complete service of process upon at least two of the defendants. Nevertheless, pursuant to the authority granted the Court under Rule 4(m), Plaintiff is granted additional time until December 20, 2019, in which to complete service of process upon the defendants. If service is not completed within this timeframe, Plaintiff may seek additional time to serve any defendant only upon a showing of good cause.

    **SO ORDERED THIS** 8th day of November, 2019.

                                    /s/ Jane M. Virden
                                    U. S. Magistrate Judge