# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

CEDRIC C. STEWART                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 4:19-CV-120-GHD-JMV

OFFICER JEREMY MATHEWS, ET AL.                                      DEFENDANTS

## <u>ORDER DENYING MOTION FOR DISCOVERY SANCTIONS</u>

Before the Court are Plaintiff's motion [86] for discovery sanctions against Defendant Mathews and supporting memorandum [87] and Defendant Hollis Myrick's response [88]. Plaintiff brings the instant motion pursuant to Rule 37 of the *Federal Rules of Civil Procedure* and charges that Defendant Mathews has been "radio silent" since his counsel were allowed to withdraw from representing him on August 17, 2020. Plaintiff further indicates Mathews did not appear for his deposition on March 31, 2021, (notice of said deposition having been served on him on March 16, 2021) and has not responded to discovery requests served on his former counsel on April 17, 2020. Plaintiff claims Mathews has "intentionally chosen to ignore this lawsuit . . . despite (presumably earlier) repeated warnings and attempts to communicate by his counsel . . . ." Plaintiff also alleges he has been prejudiced by Mathews' "willful violations" of this Court's orders and of the "rules of civil procedure" and points out the "Court has many options at its discretion pursuant to Fed.R.Civ.P. 37(b)(2)(A)(i)." Plaintiff requests the Court order any or all Rule 37 sanctions "the Court deems fit and proper based on defendant Mathews' years long contemptuous conduct."

The Court finds Plaintiff has waived any entitlement to relief under Rule 37 by not filing the instant motion in accordance with Local Uniform Civil Rule 7. As Defendant Myrick succinctly points out:

Local Rule 7(b)(2)[(C)] . . . provides that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." *See, e.g., Kermode v. U. of Miss. Med. Ctr.*, Civil Action No. 3:09-CV-584-DPJ-FKB (S.D. Miss. 2011) (Jordan, C.J.) ("As for the alleged discovery violations, Kermode seeks Rule 37(b) sanctions, but again he raised these issues for the first time in a Motion for Default Judgment filed after the close of discovery and after the motions deadline expired. . . . The failure to bring these issues to the Court in a timely manner supports denial of the requested sanctions.").

The discovery deadline in this case expired almost 3 months ago on March 31, 2021, and the motions deadline expired on April 14, 2021. Therefore, though the undersigned acknowledges Defendant Mathews' apparent lack of cooperation and loss of interest in this lawsuit, Rule 37 is not the appropriate vehicle at this juncture for the relief Plaintiff is seeking. The motion is DENIED without prejudice to Plaintiff's right to seek any alternate—but appropriate—form of relief.

**SO ORDERED** this 24th day of June, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE